## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Electrical Workers Health and
Welfare Fund, Electrical Workers
Pension Fund, National Electrical
Benefit Fund, Electrical Workers
Vacation Fund, Twin Ports-Arrowhead
Electrical Apprenticeship and
Training Fund, National Electrical
Industry Fund, NECA-IBEW National
Labor-Management Cooperation Fund, and
International Brotherhood of Electrical
Workers Local 242,                                          Civil No. 05-1392 (RHK/RLE)
                                                            **ORDER**
                Plaintiffs,

   vs.

Benjamin Lee Line, d/b/a Line Electric,

                Defendant.

---

This matter came before the undersigned United States District Court Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(b), upon the Plaintiffs' Motion for Entry of Default Judgment.

A hearing on the Motion was conducted on November 3, 2005, at 9:00 a.m. Plaintiffs appeared by counsel, and no appearance was made by, or on behalf of, Defendant.

For the following reasons, a Judgment by Default will be entered against Defendant.

### FINDINGS OF FACT

1.    This is an action to enforce an employer's obligation to make contributions to a multi-employer benefit plan under the terms of a Collective Bargaining Agreement, and for

potential liquidated damages, together with an award of interest, reasonable attorneys' fees, and the costs of this action.

2. The Court has jurisdiction over this action pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), Title 29 U.S.C. §§ 1132 and 1145, under Section 301 of the Labor Management Relations Act, Title 29 U.S.C. § 185(a), and under Title 28 U.S.C. § 1331. As provided in Title 29 U.S.C. § 1132(e)(2), venue is proper within the District of Minnesota.

3. Plaintiffs are multi-employer benefit plans (the "Plans") as defined by Title 29 U.S.C. § 1002(3) and (37). The Funds have their principal office at Room 300, 2002 London Road, Duluth, Minnesota, 55812.

4. At all relevant times, Defendant has been a party to the Collective Bargaining Agreement, which sets the terms and conditions of employment, including an obligation to make benefit contributions, for the benefit of its employees.

5. Pursuant to the provisions of the Collective Bargaining Agreement, Defendant is required to submit to Plaintiffs monthly benefit calculation forms, and corresponding benefit contribution payments.

6. Pursuant to the Collective Bargaining Agreement, Defendant agreed to be bound by its provisions and to make contributions on behalf of the covered employees in conformity with the Agreement.

7. Plaintiffs have complied with all conditions precedent, which would entitle them to Defendant's performance under the Collective Bargaining Agreement.

8. In accordance with the provisions of the Collective Bargaining Agreement, Plaintiffs are entitled to demand the production of all of Defendant's payroll records, in order to determine whether any delinquent contributions to the Fund may be due and owing by Defendant.

9. Defendant has failed to submit to Plaintiffs all of the pertinent benefit contribution forms for hours worked in October 2004 through the present time.

10. Defendant has failed to pay monthly contributions on behalf of its employees for hours worked in October 2004 and all subsequent months through the present time.

11. Based on evidence adduced at the hearing in this matter, the Court is unable to determine the extent to which Defendant is delinquent in its contributions to the Fund.

12. Following the filing of this action, a Summons and Complaint were duly served upon Defendant on the 22nd day of July, 2005. Since that date, Defendant has not answered or otherwise responded to the Complaint, nor has Defendant made any appearance in this action.

13. A copy of Plaintiffs' Notice of Motion and Motion, its Memorandum of Law in support of the Motion, its Proposed Order, and an accompanying Affidavits, were duly served on Defendant on July 22, 2005. Defendant has not responded to the Motion and, as noted, Defendant made no appearance at the time of the hearing.

14. Defendant is in default and has made no showing that a default judgment is inappropriate in this case. Defendant is not an infant, an incompetent person, nor presently in the military service. See Rule 55(b)(2), Fed.R.Civ.P.

**CONCLUSIONS OF LAW**

1. The Court has jurisdiction over this action under §§ 502 and 515 of ERISA, Title 29 U.S.C. §§ 1132 and 1145, under Section 301 of the Labor Management Relations Act, Title 29 U.S.C. § 185(a), and under Title 28 U.S.C. § 1331.

2. The Court has personal jurisdiction over all of the parties to this action, and venue within this division of the District of Minnesota is proper.  Title 29 U.S.C. § 1132(e)(2); Title 28 U.S.C. § 103(5).

3. Defendant has failed to plead or to otherwise defend.  As a result, Plaintiffs are entitled to the entry of judgment against Defendant.

4. The Court directs the Clerk of Court to enter default against Defendant pursuant to Rule 55(a) of the Fed.R.Civ.P.

5. Plaintiffs have not provided evidence of the total extent of their entitlement to compensatory damages, to liquidated damages, or to additional contributions from Defendant, either by way of an affidavit or declaration, an accounting, the testimony of an informed witness, or the deposition of an authorized representative of Defendant.  In the absence of such an evidentiary showing, the Court cannot enter a final judgment in this matter.

6. Under Rule 55(b)(2), the Court is authorized to "conduct such hearings or order such references as it deems necessary and proper" in determining the amount of damages to be awarded to the party which seeks a default judgment.  Pursuant to this authority, the Court directs Defendant to submit to Plaintiffs, within 14 days after the date of this order, those employment and payroll records necessary to permit Plaintiffs to complete an audit disclosing

the amount, if any, of unpaid benefit contribution payments that may be owing to Plaintiffs under the terms of the Collective Bargaining Agreement.

7. After having an opportunity to audit Defendant's books and records, Plaintiffs shall schedule an evidentiary hearing before this Court, at which time they shall offer proof of the amount of the final judgment which should be entered.

THEREFORE, it is ordered that

1. The Clerk of Court shall enter default against Defendant in accordance with Rule 55(a) of the Fed.R.Civ.P.

2. Pursuant to Fed.R.Civ.P. 55(b)(2), Defendant shall submit to Plaintiffs, on or before November 22, 2005, those employment and payroll records necessary to permit Plaintiffs to complete an audit disclosing the amount, if any, of unpaid benefit contribution payments that are owing to Plaintiffs under the terms of the Collective Bargaining Agreement. Failure to comply may result in appropriate sanctions against Defendant, including possible civil contempt and incarceration.

3. After having an opportunity to audit Defendant's books and records, Plaintiffs shall schedule an evidentiary hearing by contacting the undersigned's scheduling clerk, Deborah Siebrecht, (651) 848-1166, at which time Plaintiffs shall offer proof of the amount of the final judgment which should be entered.

Dated: November 3, 2005                    s/Richard H. Kyle          RICH-
                                           ARD H. KYLE
                                           United States District Judge