**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FIFTH DIVISION**

| | |
|---|---|
| Electrical Workers Health and Welfare Fund, Electrical Workers Pension Fund, National Electrical Benefit Fund, Electrical Workers Vacation Fund, Twin Ports-Arrowhead Electrical Apprenticeship and Training Fund, National Electrical Industry Fund, NECA-IBEW National Labor-Management Cooperation Fund, and International Brotherhood of Electrical Workers Local 242, | Civil No.  05-CV-1392 (RHK/RLE) |
| Plaintiffs, | **ORDER FOR PARTIAL JUDGMENT** |
| vs. | |
| Benjamin Lee Line, d/b/a Line Electric, | |
| Defendants. | |

The Court, having entered a default judgment against Defendant on November 4, 2005 [Doc. 11], conducted an evidentiary hearing on July 28, 2006, at 11:30 a.m., to determine the amount that Defendant is in default.  Aaron Bransky appeared on behalf of Plaintiffs, along with Dana Bukovich, Administrative Assistant for Wilson-McShane Corporation - Duluth, the Fund Administrator for the Plaintiff Funds.  Ms. Bukovich testified on behalf of Plaintiffs.  No appearance was made by, or on behalf of, the Defendant.

For reasons which follow, a Partial Judgment by Default in the amount of **$11,575.36** should be entered against the Defendant.

**FINDINGS OF FACT**

1.      This is an action to enforce an employer's obligation to make contributions to a multi-employer benefit plan under the terms of a Collective Bargaining Agreement, and for liquidated damages, together with interest, reasonable attorneys' fees, and the costs of this action.

2.      The Defendant has been a party to and bound by a Collective Bargaining Agreement. Pursuant to that Agreement, the Defendant must submit to the Plaintiffs monthly benefit calculation

forms, and corresponding benefit contribution payments, in conformity with the Agreement. Defendant was delinquent in doing so, and under the Agreement, Defendant is responsible not only for the delinquent contributions, but also interest, liquidated damages of twenty percent, and Plaintiffs' costs of collection, including Plaintiffs' reasonable attorney fees.

3.      Pursuant to the Court's order dated November 3, 2005, the Defendant submitted to the Plaintiffs invoices and benefit contribution forms for hours worked from January 1, 2004 through March 31, 2006.  Dana Bukovich met with Defendant and conducted an audit to determine the amount of contributions due to Plaintiffs from Defendant.    As set forth in Ms. Bukovich's oral testimony and her Affidavit, and as further explained in the Narrative of Testimony submitted to the Court, Defendant owes Plaintiffs **$8,035.44** for delinquent contributions and liquidated damages for the period from January 1, 2004 through March 31, 2006.   Defendant also is liable to Plaintiff for Plaintiffs' costs of collection, including  reasonable attorney fees, which as of the date of hearing were **$3,539.92**.  The total owing to Plaintiffs for the period from January 1, 2004 through March 31, 2006 is **$11,575.36**.

4.      Defendant has not made contributions for the period from April 1, 2006 to the present, and Plaintiffs have the right to seek additional amounts due and owing for the period following April 1, 2006.

NOW, THEREFORE, it is ordered, that the Clerk of Court enter a Partial Judgment in favor of Plaintiffs and against the Defendant in the amount of **$11,575.36**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated this  7th  day of  __August__ , 2006.

BY THE COURT:

s/Richard H. Kyle
United States District Court Judge

2